William R. Fix, W.S.B. #5-1908
350 East Broadway
P. O. Box 297
Jackson, WY 83001
(307) 733-5848
*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 13 2015

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| SKYLAND FLANSBURG, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-CV-3-J |
| RICHARD E. TORKELSON, M.D. | ) |
| Defendant. | ) |

### COMPLAINT

COMEs NOW the Plaintiff, Skyland Flansburg, by and through counsel undersigned, and for his causes of action against the Defendant Richard E. Torkelson, M.D., states and alleges as follows:

### I. JURISDICTION, VENUE and PARTIES

1. This civil action seeks damages for injuries sustained by Plaintiff Skyland Flansburg (hereinafter sometimes referred to as "Plaintiff" or "Mr. Flansburg") arising from the professional negligence of Defendant Richard E. Torkelson, M.D.

2.     Defendant Richard E. Torkelson, M.D., provided medical care to Plaintiff Skyland Flansburg from June 8, 2011, and continuing thereafter through and including November 16, 2012.

3.     Plaintiff Skyland Flansburg is a citizen of the State of Colorado.

4.     At all times relevant herein, Defendant Richard E. Torkelson, M.D., was and is a citizen of the State of Wyoming.

5.     At all times alleged herein, Defendant Torkelson was licensed to practice medicine in the State of Wyoming and held himself out as competent to provide orthopaedic services to Plaintiff Skyland Flansburg and others in Wyoming.

6.     At all times alleged herein, a physician-patient relationship existed between Plaintiff Skyland Flansburg and Defendant, and Defendant had a duty to provide proper care and treatment to Plaintiff Skyland Flansburg.

7.     This Court has jurisdiction due to the amount in controversy which exceeds $75,000.00, and the complete diversity of citizenship of the parties.

8.     On October 10, 2014, Plaintiff timely filed a claim with the Wyoming Medical Review Panel, pursuant to W.S. §9-2-1513, *et seq.* (Attached hereto and incorporated herein by this reference as Exhibit A.)

9. On December 15, 2014, respondent Richard E. Torkelson, M.D., waived further proceedings before the Medical Review Panel. (Respondent's Waiver of Further Medical Review Panel Proceedings by Respondent Richard E. Torkelson, M.D., is attached as Exhibit B).

10. As reflected in the final decision of the Medical Review Panel, Plaintiff has fully and completely complied with the requirements of the Wyoming Medical Review Panel Act, W.S. §9-2-1513, *et. seq.* All conditions precedent to the filing of this Complaint have been met.

11. On December 16, 2014, the Medical Review Panel issued the attached "Order of Dismissal" authorizing Plaintiff to immediately pursue his claims in a court of competent jurisdiction, pursuant to W.S. § 9-2-1519(e). (The *Order of Dismissal* is attached as Exhibit C).

12. Pursuant to Wyoming Statue, the Director of Wyoming Worker's Compensation, and the Wyoming Attorney General have been timely served a copy of this *Complaint* via Certified U.S. Mail, Return Receipt Requested. (By complying with this statute, Plaintiff does not concede that there is any money owed to Worker's Compensation.)

## II.  FACTS COMMON TO ALL CAUSES OF ACTION

13.  Plaintiff realleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth here.

14.  Plaintiff Skyland Flansburg initially sought treatment from Defendant Torkelson on June 8, 2011, for a knee injury.  Defendant Dr. Torkelson continuously treated Plaintiff for his left knee injury that he suffered at work as a Wyoming peace officer.  On August 16, 2012, Plaintiff Skyland Flansburg underwent surgery on his left knee.

15.  Following the knee surgery, Plaintiff continued to experience difficulties with the surgically repaired knee.

16.  Plaintiff sought additional treatment from another orthopaedic surgeon in Denver, Colorado.  Examination of Mr. Flansburg's knee revealed a torn anterior cruciate ligament (ACL) which defendant had failed to diagnose.

17.  Plaintiff Skyland Flansburg subsequently underwent reconstructive surgery on his left knee in May of 2014.

18.  Defendant Torkelson continuously treated Plaintiff for the injuries which Torkelson had negligently diagnosed.  During this course of his continuous treatment of Mr. Flansburg, Defendant failed to advise him that he had negligently failed to diagnose the torn left knee ACL.

19. Defendant Torkelson is liable to Plaintiff for his negligence and for the injuries and damages sustained by Plaintiff which were directly and proximately caused by the negligence of Defendant Torkelson.

### III. NEGLIGENCE CLAIMS AGAINST DEFENDANT RICHARD E. TORKELSON, M.D.

20. All prior allegations made in paragraphs 1 through 19 of this complaint are incorporated herein by this reference as if fully set forth here.

21. Defendant Torkelson fell below the accepted standard or standards of care, skill, and diligence for orthopaedic surgeons.

22. The wrongful conduct of Defendant Torkelson as alleged in this Complaint was the proximate cause of Plaintiff's injuries and damages as described herein and/or said conduct jeopardized Plaintiff Skyland Flansburg's health and well-being.

23. The negligence of Defendant Richard E. Torkelson, M.D., includes but is not limited to the following specific elements:

    (a) Defendant failed to provide competent medical care to Plaintiff;

    (b) Defendant fell below the standard of care;

    (c) Defendant negligently performed unnecessary surgery; and

    (d) Defendant was otherwise negligent.

24. Defendant Torkelson negligently and carelessly failed to properly assess, thoroughly diagnose, and/or adequately react to and treat the problems experienced by Plaintiff Skyland Flansburg and treat him accordingly. Defendant Torkelson's conduct constituted a breach of the applicable standard of care.

25. As a direct and proximate result of the negligence and carelessness of Defendant Richard E. Torkelson, M.D., Plaintiff Skyland Flansburg suffered injuries which are permanent and progressive in nature and has and will sustain the following damages and expenses:

(a) For past and future medical expenses in an amount to be set forth at trial;

(b) For loss of wages and earning capacity in the past and in the future in an amount to be set forth at trial;

(c) For past and future pain, emotional distress, suffering, and permanent disability in an amount to be set forth at trial; and

(d) For loss of enjoyment of life, past and future in an amount to be set forth in trial.

WHEREFORE, the Plaintiff Skyland Flansburg prays for judgment against Defendant Richard E. Torkelson, M.D., as follows:

A.  For the reasonable value of the emotional distress, pain, suffering, anguish, and loss of enjoyment of life and disability of Plaintiff Skyland Flansburg, past and future;

B.  For the reasonable value of medical services and other services provided, and other expenses, past and future;

C.  For the reasonable value of all future expenses and losses, including disability, loss of earnings and loss of earning capacity in the past and in the future;

D.  For Plaintiff's costs of suit, and for such other and further relief as this Court deems proper, including any and all other damages provided by Wyoming law.

DATED this 12th day of January, 2015.

*William R. Fix*
William R. Fix, W.S.B. #5-1908
350 East Broadway
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
*Attorney for Plaintiff*